United States District Court
Southern District of Texas
**ENTERED**
October 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LETICIA GARCIA, § § | |
| Petitioner, § § | |
| VS. § | MISC. ACTION NO. 7:11-MC-05 |
| § § | |
| JOE KEFFER, § § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner Leticia Garcia, a federal prisoner proceeding pro se, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. (Docket No. 1.) However, Petitioner failed to pay the $5 filing fee required to proceed with this action at the time she filed her petition, nor did she request to proceed in forma pauperis. Petitioner also failed to comply with a court order directing her to correct this deficiency by either paying the minimal filing fee or submitting an adequately-supported application to proceed in forma pauperis. As such, the undersigned recommends that this action be dismissed for failure to prosecute.

## I. BACKGROUND

In January 2011, Petitioner filed the instant action while she was incarcerated at the Federal Medical Center Carswell in Fort Worth, Texas. (Docket No. 1, at 1.) Petitioner was serving a 24-month sentence after pleading guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(a)(2)(A). (*See United States v. Vargas et al.*, 7:08-cr-1241-13, Cr. Docket No. 405.) She asserts that "[t]his Court has jurisdiction to decide the Petition of Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in accordance with the Savings Clause provisions of § 2255." (Docket No. 1, at 1.) In her

claim for relief, Petitioner makes a convoluted argument asserting that she "has made a showing of her actual innocence" and that she "stands incarcerated on a non-existent alleged criminal offense." (*Id.* at 9.)

Because Petitioner's initial pleading was deficient in that she failed to either pay the required $5 filing fee or request to proceed in forma pauperis, the undersigned entered an order warning Petitioner that in order to proceed with her action, she "must either pay the filing fee or, if she cannot afford to do so, request to proceed in forma pauperis." (Docket No. 2.) Petitioner was directed to do so "within thirty (30) days." (*Id.*) Petitioner failed to respond to the order in this civil miscellaneous action, and she failed to submit an adequately-supported application to proceed in forma pauperis. She has done nothing since that time to pursue this matter.

## II. ANALYSIS

Petitioner's § 2241 action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion.[1] *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 30 U.S. 626, 630-21 (1962)). As the Supreme Court explained in *Link*, the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases" and to "clear [the courts'] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." 370 U.S. at 629-30. While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party

---

[1] As the Supreme Court explained in *Link*, the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases" and to "clear [the courts'] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." 370 U.S. at 629-30.

2

from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2241 habeas corpus action. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of her assets to show that she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Petitioner has neither paid the filing fee, nor has she satisfied the standard she must meet to show that she is entitled to proceed in forma pauperis.[2] Petitioner has taken no other action in this case, nor has she communicated with the Court in any way.

This habeas corpus action should be dismissed for failure to prosecute because Petitioner both failed to pay the filing fee and failed to meet the showing necessary to qualify for in forma pauperis status. *See Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a

---

[2] Petitioner did file an application to proceed in forma pauperis in her underlying criminal case. (*See United States v. Vargas et al.*, 7:08-cr-1241-13, Cr. Docket No. 482.) However, there are two problems with her application. First, she filed it in her criminal case, rather than her pending § 2241 case. (*See* Cr. Docket No. 482, at 1.) Second, and more importantly, the financial information she submitted does not support her request to proceed in forma pauperis. The certified statement of her inmate trust fund account reflects that over the prior six months, Petitioner had received over $900 in deposits. (*Id.* at 9.) Petitioner clearly had sufficient funds to pay the $5 filing fee. *See* 28 U.S.C. § 1915(a)(1) (In order to qualify to proceed in forma pauperis, a prisoner must provide financial information to show that she is "unable to pay" the fee.).

civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee); *McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee). It appears that no lesser sanction is available since Petitioner has taken no further action in this case.[3]

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be DENIED and that this action be DISMISSED without prejudice for failure to prosecute. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[4]

### NOTICE

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

---

[3] A copy of this Report will be sent to Petitioner at the address she provided. Should Petitioner respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate. Given the passage of time, a dismissal would likely be, in effect, with prejudice, and the Court's discretion to order dismissal is narrower. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

[4] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

DONE at McAllen, Texas on October 4, 2018.

_____
Peter E. Ormsby
United States Magistrate Judge